# Exhibit 2

# 2024-87692 / Court: 127

CAUSE NO. _____

| | | |
|---|---|---|
| GERARDO GARCIA, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MARCY BRYAN CROFT, ROC NATION, | § | |
| LLC, MJ LEGAL, P.A., JESSICA SANTIAGO, | § | |
| QUINN EMANUEL URQUHART & | § | |
| SULLIVAN, LLP, | § | |
| | § | |
| *Defendants.* | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION FOR BARRATRY
## AND CONSPIRACY TO COMMITT BARRATRY

Plaintiff files this Original Petition against Defendants Marcy Bryan Croft, MJ Legal, P.A., Investigator Jessica Santiago, Roc Nation, LLC, and Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), seeking damages, and respectfully shows this Honorable Court the following:

Defendants have conspired to obstruct justice by engaging shadowy operatives to illegally seek out more than two dozen[1] current and former clients of The Buzbee Law Firm to convince those clients to bring frivolous cases against The Buzbee Law Firm. Defendant Roc Nation is financing the effort. Its attorneys, Marcy Croft and Quinn Emanuel, are orchestrating the effort. In some cases, Defendants' agents pretend to work for the State of Texas and have flashed fake badges.[2] Soliciting clients is a crime in the State of Texas. Paying individuals to file false claims is unethical and criminal in the State of Texas. Impersonating a state official is a crime. In at least one case, Defendants' agents offered as much as $10,000 to a former client of the Buzbee Law

---

[1] Exhibit 1. Transcript between Jessica Santiago and Gerardo Garcia. "Exactly, we have like 70 people that are in this class action, and there will be more. You are on the list but we have other people too. Today I'm visiting with you, and with 3 more people who will sign up to be in the lawsuit. And it will increase daily. We have more pages with people. I don't know how many but there are many. And if there are more people in the class action, that is better for you, because that means you will collect something."

[2] Exhibit 1. Transcript between Jessica Santiago and Gerardo Garcia. "We are from the state."

Firm to sue the firm.[3]  Unfortunately for the Defendants, their agents are not very smart, or careful. Their agents were caught on audiotape, red handed. Not knowing they were being recorded, Defendant's agents admitted that Defendant Marcy Croft,[4] a licensed Texas lawyer and member of "Team Roc," was orchestrating the effort, and in another recording those agents described the criminal conspiracy in great detail, going so far to admit that the lawsuits would be in the press, and that some former clients had already accepted money to join the effort.

Roc Nation and Jay Z are synonymous. Jay Z is founder and Chairman of Roc Nation. At the same time the illegal conduct described herein continues, The Buzbee Law Firm is pursuing claims on behalf of at least one client against Jay Z in New York Federal Court. And, as a result of that client's claims, Jay Z sued the Buzbee Law Firm in Los Angeles state court. Defendant Quinn Emanuel, who represents Jay Z in both cases, and who also frequently represents Roc Nation, denied in open court and in the press involvement in the scheme described herein.[5] That denial was a bold-faced LIE. The illegal effort described here, which Roc Nation is funding, and Defendant Croft and Defendant Quinn Emanuel are orchestrating, is intended to interfere with The Buzbee Law Firm's ability to represent its clients, and offer pertinent evidence to authorities.

---

[3] Exhibit 2. Affidavit of Skylar Taylor; Exhibit 3. Affidavit of Shannon Champagne. The Defendants were aggressive. "These men offered me money to sign on as a client with them. Specifically. they offered me $10,000 in exchange for signing with them as a client.". Affidavit of Shannon Champagne. Defendants' scheme has been successful in two instances thus far. Two cases have been filed to date—both utterly frivolous and patently false. Both will undoubtedly needlessly subject the former Buzbee Law Firm clients to fees and expenses, and will result in bar action against the law firms who accepted referrals of the cases from Defendant Marcy Croft. Croft, of course, will also be subject to bar complaints. Her conduct is despicable and criminal, despite being mandated by her client and self-described benefactor Roc Nation.

[4] Defendant Roc Nation routinely employs the law firm of Quinn Emanuel. Quinn Emanuel is also the law firm representing Jay-Z in the case he filed against the Buzbee Law Firm in Los Angeles, as well as a case where Jay Z was sued by a client of the Buzbee Law Firm in New York. Defendant Marcy Croft has a long association with Quinn Emanuel and Roc Nation.

Defendants' scheme is summarized in the following recording transcript:

> ***What we're trying to do is, we are trying put this thing together for the company that we're working for--***
>
> ***We could get you paid, . . . you could get money right soon, you know?***
>
> ***We gave this kid 1,000 bucks to start yesterday just to get him on the right path.***
>
> ***At the end of the day, this is going to go through the courts, Buzbee is getting sued . . ."*** *Exhibit 4 . Page. 6.*

As part of their scheme, Defendants attempted to use the Plaintiff herein as a pawn. On behalf of Defendant Marcy Croft, two individuals approached the Plaintiff. They were pushy. They told him he had to talk to them, because they were with the State. They told him that they were putting together a lawsuit on behalf of Defendant Marcy Croft and the company she was working for, and that she would assign his case to someone who could get him a lot of money. Thankfully, rather than go along with their illegal efforts, the Plaintiff recorded them instead. He now files suit for barratry, both a crime and a civil action it the State of Texas. This is just one of multiple cases to be filed by Plaintiffs who have been illegally solicited by investigators working as part of a cabal headquartered in New York City. Defendants have a long history of the type of abusive and egregious conduct described herein. Because they have gotten away with it for so long, Defendants think they can come down to Texas and do whatever they choose with impunity. They are wrong. Their behavior will have consequences, both civilly and criminally.

## I.
## PARTIES

Plaintiff is a resident of Texas and Harris County.

Defendant Marcy Bryan Croft is a Texas licensed attorney, and a self-admitted member of "Team Roc."  She can be served through the Texas Secretary of State at her office at 1501

Jacksonian Plaza 12159, Jackson, MS 39211. Marcy's connection with Defendants Roc Nation and Quinn Emanuel is plainly demonstrated below:





#RocNation @teamroc @yogotti #CutSo

January 28, 2020

**marcybcroft**    Follow  ···
Parchman, Mississippi

Maron Marvel Bradley Anderson & Ta...
634 followers
7m · 🌐

Maron Marvel Bradley Anderson & Tardy LLC has been retained by Alex Spiro, Jay-Z, and RocNation in the lawsuit filed on behalf of mistreated inmates over inhumane conditions at Parchman Prison. Maron Marvel shareholder, Marcy Croft will serve as lead Mississippi Counsel.

https://lnkd.in/gu_Pg6M

♡ 30  💬 3  ▽    🔖

**marcybcroft** It's an honor and a privilege to work on such a worthy cause. The situation at Parchman is an on... more

January 26, 2020

Unofficial Copy Office of Madison Business District Clerk



**MARCYBCROFT**
**Posts**
Follow

February 29, 2020

**marcybcroft**
Follow
···

**Marcy Bryan Croft**
2 mins · 🌐

Amazing work! We are very proud to be a small part of this great team!! Thank you **#RocNation** and **#TeamRoc** for all that you do.

NYTIMES.COM
**Jay-Z Takes on the Super Bowl**
Why are Roc Nation and the N.F.L. doing busin...

♡ **26** ○ ◁

**marcybcroft** Thank you #RocNation and @teamroc for all that you do!! https://www.nytimes.com/2020/02/01... more

February 1, 2020



Unofficial Copy Office of New Albany E.S. District Clerk

Defendant MJ Legal, P.A., is a business corporation and law firm performing legal services in Texas. This Defendant can be served through the Texas Secretary of State at her office via personal service to March Bryan Croft at 1501 Jacksonian Plaza 12159, Jackson, MS 39211.

Defendant Roc Nation, LLC is a limited liability company organized in Delaware and headquartered in New York. This Defendant can be served through the Texas Secretary of State via registered agent at C/O Corporate Creations Network, Inc., 600 Mamaroneck Avenue #400, Harrison, New York 10528.

Defendant Quinn Emanuel Urquhart & Sullivan, LLP is a limited liability partnership which may be served at its Houston office located at 700 Louisiana Street, Suite 3900, Houston, Texas 77002. Quinn Emanuel frequently represents Roc Nation and currently represents Jay-Z in a lawsuit against the Buzbee Law Firm.

Defendant Jessica Santiago is a resident of Harris County, Texas, and can be served via personal service at her home address in Harris County, or wherever she may be found.

## II.
## VENUE AND JURISDICTION

Venue is proper in Harris County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practices and Remedies Code because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas.

The Court has subject matter jurisdiction because the amount in controversy is within the jurisdictional limits of this Court. Moreover, all of the incidents in question occurred in Harris County.

### III.
### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169, because Plaintiff requests injunctive relief and Plaintiff seeks monetary relief over $100,000.

### IV.
### EVIDENCE

This filing is supporting by the following evidence, which is attached and incorporated herein:

A.  Transcript of Defendant Jessica Santiago and Gerardo Garcia.

B.  Transcript of Defendants' agent and Skylar Taylor.

C.  Affidavit of Skylar Taylor.

D.  Affidavit of Shannon Champagne.

### V.
### FACTS

On behalf of two clients, Tony Buzbee and the Buzbee Law Firm ("Firm") sent demand letters to Shawn "Jay Z" Carter's attorneys in New York. The letters made no monetary demand. They only sought a confidential sit down to discuss the clients' allegations. In response to the two letters, Defendant Quinn Emanuel filed suit against the Buzbee Law Firm. That suit alleged that the Firm was trying to extort Shawn "Jay Z" Carter." That lawsuit was, and is, frivolous, and will be dismissed.

Several weeks later, the Buzbee Law Firm, on behalf of one of the clients who sent a demand letter, filed a lawsuit against Mr. Carter. At or around that time, Defendants' conspiracy began. As part of that conspiracy, current and former clients of The Buzbee Law Firm began

receiving solicitations from investigators asking current and former clients to sue the Firm. The investigators used burner phones. Many times the investigators used fake names, or flashed badges or credentials but would not let the clients see them. During some of the contacts, the investigators were pushy, and in at least two, they pretended to be acting on behalf of the State of Texas. Several of these calls were caught on either camera or tape. In each instance, the investigators were careful not to disclose on whose behalf they were working. For good reason. The Defendants in this case did not want to disclose their participation in the flagrant violation of Texas law. Indeed, these Defendants openly and brazenly violated Texas' criminal laws dozens of times.

One such target of Defendant's solicitation was Plaintiff Gerardo Garcia. Mr. Garcia is a resident of Harris County. He was injured in a Jones Act lawsuit and hired The Buzbee Law Firm to represent him. His case was settled in 2020. He was happy with the resolution of his case, and had no complaints with the Buzbee Law Firm. Nearly five years later after his case had resolved, not seeking to hire lawyer or file a lawsuit, Mr. Garcia was contacted out of the blue by two "investigators." This contact was an illegal solicitation and was made on behalf of and as part of a conspiracy involving Defendants Croft, Roc Nation, and Quinn Emanuel. One of these investigators identified herself as Jessica Santiago.

These two investigators approached Mr. Garcia at his home and flashed a badge. They told Plaintiff Garcia several times that they were from the "State." They asked Mr. Garcia if he was unhappy with his settlement from 2020 and whether they could see his settlement documents. They were pushy. They followed this up by explaining to him that they were with the State but could connect him with a private lawyer so he could sue the Buzbee Law Firm. They told Garcia several times that there was "money in this for you." These investigators' requests became increasingly aggressive and hostile. At some point, Defendants' agents demanded Mr. Garcia

produce his medical records, and offered him money to hire the private lawyer to sue the Buzbee Law Firm. Mr. Garcia decided to call the Buzbee Law Firm and report the conduct.

Despite her best efforts in disguising the identities of those she was working for, investigator Jessica Santiago was caught on tape disclosing to Mr. Garcia that she was working for an attorney named Marcy Croft at the law firm MJ Legal, P.A. Defendant Marcy Croft is an attorney in Jackson, Mississippi. Defendant MJ Legal is the law firm Ms. Croft purportedly owns. Ms. Croft advertises herself as a member of "Team Roc." Moreover, Ms. Croft advertises that she has become "actively involved with criminal justice reform and prison reform alongside RocNation's philanthropic arm, Team Roc." She further advertises herself as being involved in "numerous litigation actions pending on behalf of Team Roc, families, and hundreds of incarcerated men." Marcy Croft has worked with Roc Nation for years, alongside Quinn Emanuel's Alex Spiro. Spiro and Quinn Emanuel are currently opposing the Buzbee Law Firm in at least two cases.

## V.
## CAUSES OF ACTION

### A. BARRATRY/SOLICITATION: TEXAS PENAL CODE SEC. 38.12 – ALL DEFENDANTS

Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully herein.

Defendant Roc Nation, LLC in conspiracy with Quinn Emanuel orchestrated and instructed Defendants Croft and MJ Legal to send agents (private investigators) in Texas to the homes of the Firm's ex-clients who were also in Texas. One of those ex-clients was Plaintiff Gerardo Garcia. Once there, these agents/investigators solicited employment for Defendant Croft and Defendant MJ Legal. Each of these Defendants offered money to Plaintiff to hire Defendant Croft and sue the Firm. To add insult to injury, these investigators sent by Defendants acted as if they were

government officials or police officers, even going so far as to brandish a badge and tell Mr. Garcia they were from the "state."

Defendant Roc Nation is knowingly financing the commission of these criminal offenses, and is therefore guilty of same. Quinn Emanuel is assisting in the conspiracy, and has publicly lied about its involvement, and has also had its lawyers lie directly to a state court judge in Texas about its involvement.

## B. CIVIL CONSPIRACY – ALL DEFENDANTS

Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully herein.

Defendants make up more than two persons who sought to accomplish a goal of committing barratry and soliciting clients to sue the Firm. All Defendants had a meeting of the minds on this organized criminal conduct, and then took many unlawful acts to accomplish this criminal conduct. As a result, Plaintiff suffered damages in an amount to be proven at trial.

Because Defendants' conduct was committed with actual malice, Plaintiff seeks exemplary damages against Defendants.

## C. PUNITIVE DAMAGES

Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully herein.

Defendants' conduct was committed with actual malice, and, as such, Plaintiff seeks exemplary damages against Defendants.

Moreover, because this involves the violation of a criminal statute, no damage caps are applicable to Plaintiff's damages.

As a proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proven at trial.

Unofficial Copy Office of Maily Burgess District Clerk

## VI.
## DAMAGES

Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully herein.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered injury. Plaintiff seeks the following damages pursuant to Texas law:

A. Compensatory damages in an amount to be proven at trial;

B. Consequential and special damages in an amount to be proven at trial;

C. Exemplary damages;

D. Interest on damages (pre- and post-judgment) in accordance with law;

E. Costs of court;

F. Attorneys' fees; and

G. Such other and further relief to which Plaintiff is entitled.

## VII.
## DEMAND FOR JURY

Plaintiff respectfully demands a jury trial on those issues where appropriate.

## VII.
## CONCLUSION AND PRAYER

Upon trial of this matter, Plaintiff respectfully prays for judgment as follows:

a. That the Defendants be restrained as set forth herein;

b. The Court enter judgment in favor of Plaintiff for damages permitted by law;

c. Such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
David C. Fortney
State Bar No. 24068740
dfortney@txattorneys.com
JPMorgan Chase Tower
600 Travis Street, Suite 7500
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk

Transcript between Gerardo Garcia and Jessica Santiago.

| :00 | PI | Do you have time today, so we can have an appointment, to talk and show you the papers, you can communicate with the lawyer? |
| :15 | Client | Yes. |
| :16 | PI | What time? |
| :17 | Client | Look, at 5pm? One thing, if I sign that contract, is there some money that you will pay me first? |
| :39 | PI | Depends on the lawyer, but what you will sign today, is only a contract to investigate. Giving permission to the lawyer to conduct an investigation into your case to see what happened and to recommend a separate lawyer more familiar with your kind of case. But she will not charge anything. And the separate lawyer also does not require any money. Only at the conclusion do they take out their fee, if they are able to recover the money you are entitled to. |
| 1:25 | Client | That lawyer is from the State or a private lawyer? |
| 1:30 | PI | It's a private lawyer, we are from the state. But it's a private lawyer that note what the Buzbee Law Firm was doing. For example last night, someone signed up with us and in his case Buzbee was depositing his checks in Buzbee's private account and not in a account for lawyers, and he was charging the interest and taking that money. And he was stealing the checks from insurance. And so he, didn't know that Buzbee was stealing. That was his case. Now I don't know much about your case but the lawyer you will speak with today she will explain, that she will open your case, see what happened with you. But your name appeared on the list of people that may have something unusual and she wants to investigate your case and then she will recommend someone more familiar in your kind of case to recover all that money. |
| 2:53 | Client | And they are from the state? |
| 2:57 | PI | The lawyer is from here, Texas and also has a license in New York. Us, the investigators are from the state but we are not lawyers. But the lawyer has her license here in Texas and also in New York. |
| 3:15 | Client | That class action is just for certain people who have had cases with the lawyer? |
| 3:30 | PI | Exactly with -that- lawyer. We have 70 people in the class action that had problems, because they are frauds – with that lawyer Buzbee. Last night the man who we spoke with, he has two cases because Buzbee was putting his checks in the private checking account, that a criminal case. But he also has a separate case, where he can recover the fees that Buzbee owes him. So he has two cases. We didn't know that |

Plaintiff's Exhibit

1

| | | until the lawyer last explained and told him, no you have two cases. One criminal and another to recover your money. Now we don't know about your case, because the lawyer first needs to open your case and investigate what happened with you. So it's possible you have two cases as well, depending on what he [Buzbee] did to you. |
|---|---|---|
| 4:37 | Client | And so if I sign, there's money right? |
| 4:42 | PI | There's money that will be recovered, of course. The money that you are owed. And you will not need to go to court because there are lots of people in the class action. More than 70 people who have signed up with this lawyer. |
| 5:08 | Client | What's the process, to look at some documents first? Or do I need to go with a lawyer? |
| 5:13 | PI | No, no, no. She will be your lawyer. That's why we are asking for the documents that you have. If you don't have any, she can still do her search and she will read your case that you had with Buzbee and she will look into everything that happened. But it's better if you have documents too. |
| 5:37 | Client | No, well I lost all my documentation. This happened a long time ago, so I wouldn't have those documents now. But do I need to go to a lawyers office, or will you come to my house? |
| 5:59 | PI | I will send you a paper that explains where the lawyer is, it will explain everything in that paper. You can read it, then I can contact the lawyer, her name is Marcy Croft from MJ-Legal and she will explain more by telephone. But the document will explain what I have just told you know over the phone and you will have your copy, it's just an agreement so she can investigate more your case to see if there is something unusual, and if so she will recommend someone more familiar with your case. Because you know there are many lawyers, but she will recommend someone who is more known with this case, like from last night. |
| 6:55 | Client | Will you charge me anything? |
| 7:00 | PI | No, nothing. The lawyer who will have your case, yes of course like always. They always charge a fee. Normally the lawyers charge 30%. Whichever lawyer you go to they will charge you, yes. But the lawyer, she will not charge anything at first. She works with us in fraud cases and then she will recommend someone more familiar. Then at the conclusion of the case, they will charge their part and also pay you your part as well. |
| 7:41 | Client | Those papers can you just leave them at my house, or do you want me to go to the office? |
| 7:48 | PI | No, that's why I'm asking, what time you will be home, so we can show you the paper and explain, and we can speak with the lawyer |
| 8:05 | Client | So the agreement, I can see it? |

| 8:08 | PI | The agreement yes. |
|---|---|---|
| 8:11 | Client | And so this is a class action, a lawsuit of many people? |
| 8:16 | PI | Exactly, we have like 70 people that are in this class action, and there will be more. You are on the list but we have other people too. Today I'm visiting with you, and with 3 more people who will sign up to be in the lawsuit. And it will increase daily. We have more pages with people. I don't know how many but there are many. And if there are more people in the class action, that is better for you, because that means you will collect something. |
| 8:51 | Client | What kind of percentage can I collect with this or what can i? |
| 8:58 | PI | That depends on your case because all the cases are different. The document I will show you today explains that it gives permission to open your case and to see what happened. But she will not charge anything for that. But then she will recommend someone familiar… |
| 9:32 | Client | Sorry to interrupt, the lawyer will be present today, or just you? |
| 9:35 | PI | Me and my partner but she is working now, but she told me we can contact her at any time. |
| 9:48 | Client | 5:30 is fine? |
| 9:49 | PI | Yes 5:30 is fine. |
| 9:55 | Client | Any change and we will call each other, true? And what is the name of the lawyer, pardon? |
| 10:00 | PI | Marcy Croft |
| 10:02 | Client | Okay. |
| 10:04 | PI | From MJ legal |
| 10:15 | Client | Okay…okay. so… |
| 10:18 | PI | I will give you a copy, you can read it good, and you can call her too with us present and she can explain it better. |
| 10:27 | Client | And what is your name? |
| 10:30 | PI | Me, my name is Jessica |
| 10:32 | Client | Jessica? Just Jessica? |
| 10:38 | PI | No, no, Jessica Santiago. |
| 10:40 | Client | Okay. Andale. So I will look at everything at 5:30 and we will be in contact. Very kind. Thank you |

| 10:51 | PI | Okay Geraldo. Thank you. Ciao. |

# 2024-87692 / Court: 127

## AFFIDAVIT OF SKYLAR TAYLOR

This instrument was acknowledged before me by means of an interactive two-way audio and video communication on December 10, 2024 by Skylar Taylor. This notarial act was an online notarization with electronic signatures. Before me, the undersigned Notary, Skylar Taylor, personally came and appeared and, after being duly sworn, did state that:

1. My name is Skylar Taylor. I am an adult resident of the State of Louisiana, of sound mine, and capable in all respects of executing this Affidavit under oath.

2. The information contained in this Affidavit is made upon my personal knowledge and is true and correct.

3. **Three men from the New York area visited my grandmother's home on multiple occasions** showing up unannounced and demanding to speak with me. I did not know these men and had not solicited them.

4. When I spoke with these men, they stated they were investigators hired by an attorney to contact clients of the Buzbee Law Firm to join a class action against the Buzbee Law Firm. They refused to provide any further information on who they were, what investigation company they worked for, or what attorney hired them. Without knowing any of the details of my case, these men attempted to convince me to file a lawsuit against my attorneys at The Buzbee Law Firm.

5. These men offered me money to sign on as a client with them. These men stated that they and/or the attorney that hired them paid a former client of the Buzbee Law Firm $1,000 to sign on with them as a client and sue the Buzbee Law Firm.

6. The above and foregoing is true and correct to the best of my knowledge, information, and belief.

Signed by:

_____
SKYLAR TAYLOR

**Notary Seal**

ALIZA NOEMI TRIGO
Notary Public, State of Texas
ID# 129727161
My Commission Expires
May 21, 2027

**Digital Certificate**

Aliza Noemi Trigo

Plaintiff's
Exhibit
2

Unofficial Copy Office of Marilyn Burgess District Clerk

Docusign Envelope ID: 3481E6EF-25D3-48DB-A74C-3D226CF3D076

# 2024-87692 / Court: 127

## AFFIDAVIT OF SHANNON CHAMPAGNE

This instrument was acknowledged before me by means of an interactive two-way audio and video communication on December 10, 2024 by Shannon Champagne. This notarial act was an online notarization with electronic signatures. Before me, the undersigned Notary, Shannon Champagne, personally came and appeared and, after being duly sworn, did state that:

1. My name is Shannon Champagne. I am an adult resident of the State of Louisiana, of sound mine, and capable in all respects of executing this Affidavit under oath.

2. The information contained in this Affidavit is made upon my personal knowledge and is true and correct.

3. Three men from the New York area visited my home on multiple occasions showing up unannounced and demanding to speak with me. I did not know these men and had not solicited them.

4. When I spoke with these men, they stated they were investigators hired by an attorney to contact clients of the Buzbee Law Firm to join a class action against the Buzbee Law Firm. They refused to provide any further information on who they were, what investigation company they worked for, or what attorney hired them. Without knowing any of the details of my case, these men attempted to convince me to file a lawsuit against my attorneys at The Buzbee Law Firm.

5. These men offered me money to sign on as a client with them. Specifically, they offered me $10,000 in exchange for signing with them as a client.

6. The above and foregoing is true and correct to the best of my knowledge, information, and belief.

DocuSigned by:

_____
SHANNON CHAMPAGNE

**Notary Seal**

ALIZA NOEMI TRIGO
Notary Public, State of Texas
ID# 129727161
My Commission Expires
May 21, 2027

**Digital Certificate**

*Aliza Noemi Trigo*

Plaintiff's Exhibit
3

2024-87692 / Court: 127

TRANSCRIPT OF AUDIO-RECORDED TELEPHONIC CONVERSATION


AUDIO FILE: IMG_7861

Unofficial Copy Office of Marilyn Burgess District Clerk

Transcribed By: LAURA C. MONTEITH

**Plaintiff's Exhibit**

**4**

Page 2

INDEX

PAGE

Recording                                    3

Certificate of Transcriptionist             7

Page 3

R E C O R D I N G

* * *

SPEAKER 1:  I heard you're looking for me?

SPEAKER 2:  Hello.  Thank you so much for calling me back.  Yes, absolutely.  I'm actually in the car, and you're on speaker.  I have -- my partner is with me.  We wanted to actually talk to you regarding the case that you have.

I know that you got hurt on the boat.  And there's something called the Jones Act.  I don't know whether you're familiar with that.  It would take two minutes of your time to answer my questions, and it might be very beneficial for you -- for you to speak with -- let me ask you something else.

Is your case still active?

SPEAKER 1:  I prefer not to answer questions, but I'll hear you out.

SPEAKER 2:  Okay.  You -- you -- you don't need -- you don't need to answer that question.

Let me ask -- let me --

SPEAKER 3:  David, good morning.  Hey, my name is Joe.  If I may -- can -- is there a place where we could meet up?  Any place you'd like where -- where we can sit down and talk?  You can listen to it, and if you don't like what we have to say, you can say, "I don't want to cooperate," and then walk away, and that's it.  No harm.  No foul.

SPEAKER 1:  No, I don't -- I don't do meet-ups with

Page 4

nobody that I don't know, especially from out of state.

SPEAKER 3:  No worries.  If you don't feel comfortable talking to us, that's fine.

SPEAKER 1:  That's -- I can talk to you over the phone.  I can hear what you got to say over the phone.

SPEAKER 3:  Okay.  So -- so here's -- here's the scenario:  When -- when you were out with -- with your lawsuit -- right? -- were you still getting paid from the company that you got hurt from?

SPEAKER 1:  Like I said, I don't answer questions, but --

SPEAKER 3:  All right.  So --

SPEAKER 2:  Joe, (indiscernible.)

SPEAKER 3:  Yeah.

SPEAKER 2:  We can do conference.

SPEAKER 3:  I know, but --

SPEAKER 1:  Ya'll can --

SPEAKER 3:  This is (indiscernible)?

SPEAKER 2:  (Indiscernible.)

SPEAKER 3:  All right.  So I'm going to give you a scenario.  We went to guy yesterday, who, same as you, got hurt on a boat.  And what happened was, his lawyer, due to this act, this Jones Act, he was supposed to get paid -- right? -- from the company.  And the lawyer said, "No, no.  Don't pay him.  Pay me, and I'll pay him."  So that's the arrangement he had with

Page 5

the company.  But the thing is, though, he never paid this kid.  Okay?

On top of that, he ended up getting, like, something like 42 percent of the inquiry.  So this guy should have gotten a million dollars.  He ended up getting -- how much did he get?

SPEAKER 2:  $80,000.

SPEAKER 3:  At the end of the day, he got $80,000 for -- and he only has three slipped discs -- I mean three discs that are normal.  Everything else is messed up in his back.

So there's a few things that happened there.  Okay?

SPEAKER 1:  Uh-huh.

SPEAKER 3:  We need you to cooperate with us and start talking to us about what had happened in his story.  And he was given a stipend.  Because there's going to be -- and -- and all I can tell you is -- if I -- if I may ask, who is your lawyer?

SPEAKER 1:  Wait.  What's that?

SPEAKER 3:  Who is your lawyer?

SPEAKER 1:  Like I said, I don't answer questions, but I'll hear what you got to say.

SPEAKER 3:  Okay.  Okay.  So -- so he -- he just happened to have this lawyer, his -- his last name is Buzbee.  And -- and Buzbee -- apparently there's a couple of lawsuits coming down where he was allegedly taking money off the top and not paying his clients.

SPEAKER 1:  Okay.

Page 6

1    SPEAKER 3:  In a couple of days or maybe by next week,
2  anyone Googling Buzbee and his company -- his practice -- you're
3  going to see some of these lawyers are in lit -- are going to be
4  going into litigation.  Okay?
5    What we're trying to do is, we are trying put this
6  thing together for the company that we're working for at this --
7  and if -- if you have a case, we could get you paid, and money
8  could get -- you could get money right -- soon, you know?
9    We gave this kid 1,000 bucks to start yesterday just
10  to get him on the right path.  Yeah.  So --
11    SPEAKER 1:  Okay.  Let me -- let me ask you a
12  question.
13    SPEAKER 3:  At the end of the day -- I appreciate your
14  question.  Just hold that thought for a second.  At the end of
15  the day, this is going to go through the courts, Buzbee is
16  getting sued, and eventually people are going to get paid out.
17  Now, it's up to you if you want to be part of --
18                (End of audio recording.)
19                      * * *
20
21
22
23
24
25

Page 7

1              CERTIFICATE OF TRANSCRIBER
2
3
4    I, LAURA C. MONTEITH, do hereby certify that I was
5  authorized to transcribe the foregoing recorded proceeding; and
6  that the transcript is a true and accurate transcription, to the
7  best of my ability, taken while listening to the provided
8  recording.
9
10    I FURTHER CERTIFY that I am not of counsel or attorney
11  for either or any of the parties to said proceedings, nor in any
12  way interested in the events of this cause, and that I am not
13  related to any of the parties thereto.
14
15
16  Dated this 9TH day of DECEMBER 2024
17
18
19    _____
20    LAURA C. MONTEITH
21
22
23
24
25

Unofficial Copy Office of Marilyn Burgess District Clerk

**$**

**$80,000**
5:6,7

**1**

**1**
3:3,14,25
4:4,10,17
5:11,16,18,
25 6:11
**1,000**
6:9

**2**

**2**
3:4,16 4:13,
15,19 5:6
**2024**
7:16

**3**

**3**
3:19 4:2,6,
12,14,16,18,
20 5:7,12,
17,20 6:1,13

**4**

**42**
5:4

**9**

**9TH**
7:16

**A**

**ability**
7:7

**absolutely**
3:5
**accurate**
7:6
**act**
3:9 4:22,23
**active**
3:13
**allegedly**
5:23
**apparently**
5:22
**arrangement**
4:25
**attorney**
7:10
**audio**
6:18
**authorized**
7:5

**B**

**back**
3:5 5:9
**beneficial**
3:11
**boat**
3:8 4:22
**bucks**
6:9
**Buzbee**
5:21,22 6:2,
15

**C**

**called**
3:9
**calling**
3:4
**car**
3:5
**case**
3:7,13 6:7

**CERTIFICATE**
7:1
**certify**
7:4,10
**clients**
5:24
**comfortable**
4:2
**company**
4:9,24 5:1
6:2,6
**conference**
4:15
**cooperate**
3:23 5:12
**counsel**
7:10
**couple**
5:22 6:1
**courts**
6:15

**D**

**Dated**
7:16
**David**
3:19
**day**
5:7 6:13,15
7:16
**days**
6:1
**DECEMBER**
7:16
**discs**
5:8
**dollars**
5:5
**due**
4:22

**E**

**end**
5:7 6:13,14,

**18**
**ended**
5:3,5
**events**
7:12
**eventually**
6:16

**F**

**familiar**
3:10
**feel**
4:2
**fine**
4:3
**foregoing**
7:5
**foul**
3:24

**G**

**gave**
6:9
**give**
4:20
**good**
3:19
**Googling**
6:2
**guy**
4:21 5:4

**H**

**happened**
4:22 5:10,
13,21
**harm**
3:24
**hear**
3:15 4:5
5:19
**heard**
3:3

Unofficial Copy Office of Marilyn Burgess District Clerk

Hey
  3:19
hold
  6:14
hurt
  3:8  4:9,21

**I**

indiscernible
  4:13,18,19
inquiry
  5:4
interested
  7:12

**J**

Joe
  3:19  4:13
Jones
  3:9  4:23

**K**

kid
  5:1  6:9

**L**

LAURA
  7:4,20
lawsuit
  4:8
lawsuits
  5:22
lawyer
  4:22,24
  5:15,17,21
lawyers
  6:3
listen
  3:22
listening
  7:7

lit
  6:3
litigation
  6:4

**M**

meet
  3:20
meet-ups
  3:25
messed
  5:9
million
  5:5
minutes
  3:10
money
  5:23  6:7,8
MONTEITH
  7:4,20
morning
  3:19

**N**

normal
  5:9

**P**

paid
  4:8,23  5:1
  6:7,16
part
  6:17
parties
  7:11,13
partner
  3:6
path
  6:10
pay
  4:24,25
paying
  5:24

people
  6:16
percent
  5:4
phone
  4:5
place
  3:20,21
practice
  6:2
prefer
  3:14
proceeding
  7:5
proceedings
  7:11
provided
  7:7
put
  6:5

**Q**

question
  3:17  6:12,14
questions
  3:11,14  4:10
  5:18

**R**

recorded
  7:5
recording
  6:18  7:8
related
  7:13

**S**

scenario
  4:7,21
sit
  3:21
slipped
  5:8

speak
  3:12
speaker
  3:3,4,6,14,
  16,19,25
  4:2,4,6,10,
  12,13,14,15,
  16,17,18,19,
  20 5:6,7,11,
  12,16,17,18,
  20,25 6:1,
  11,13
start
  5:12 6:9
state
  4:1
stipend
  5:14
story
  5:13
sued
  6:16
supposed
  4:23

**T**

taking
  5:23
talk
  3:7,21 4:4
talking
  4:3 5:13
thereto
  7:13
thing
  5:1 6:6
things
  5:10
thought
  6:14
time
  3:10
top
  5:3,23
transcribe
  7:5

**TRANSCRIBER**
  7:1
**transcript**
  7:6
**transcription**
  7:6
**true**
  7:6

---

### U

**Uh-huh**
  5:11

---

### W

**Wait**
  5:16
**walk**
  3:23
**wanted**
  3:6
**week**
  6:1
**working**
  6:6
**worries**
  4:2

---

### Y

**Ya'll**
  4:17
**yesterday**
  4:21 6:9

Unofficial Copy Office of Marilyn Burgess District Clerk

**2024-87692 / Court: 127**

12/18/2024 8:54:35 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 95435975
By: CHAMBERS, WANDA R
Filed: 12/18/2024 8:54:35 AM



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition for Barratry and Conspiracy to Committ Barratry

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Marcy Bryan Croft

**Address of Service:** 1501 Jacksonian Plaza 12159,

**City, State & Zip:** Jackson, MS 39211

**Agent (if applicable)** _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**  [ ] **Citation by Posting**  [ ] **Citation by Publication**  [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**  Newspaper_____
- [ ] **Temporary Restraining Order**  [ ] **Precept**  [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**  [ ] **Capias** (not by E-Issuance)  [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**  [ ] **Highway Commission/Texas Department of Transportation ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**  [ ] **Hague Convention ($16.00)**  [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)  [ ] **Injunction**  [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by CONSTABLE**
- [ ] **CERTIFIED MAIL by DISTRICT CLERK**

- [x] **E-Issuance by District Clerk**
  **(No Service Copy Fees Charged)**
  *Note:* The email registered with EfileTexas.gov must be used to retrieve the E-issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____  Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By: Attorney/Party Name:** Anthony G. Buzbee  **Bar # or ID** 24001820

**Mailing Address:** 600 Travis Street, Suite 7500, Houston, TX 77002

**Phone Number:** 713-223-5393

2024-87692 / Court: 127

12/18/2024 8:54:35 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 95435975
By: CHAMBERS, WANDA R
Filed: 12/18/2024 8:54:35 AM



# Marilyn Burgess
### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition for Barratry and Conspiracy to Commit Barratry

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Quinn Emanuel Urquhart & Sullivan, LLP

**Address of Service:** 700 Louisiana Street, Suite 3900

**City, State & Zip:** Houston, Texas 77002

**Agent (if applicable)** _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission/Texas Department of Transportation ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP** (phone) _____
- [ ] **MAIL to attorney at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by CONSTABLE**
- [ ] **CERTIFIED MAIL by DISTRICT CLERK**

- [x] **E-Issuance by District Clerk**
  (No Service Copy Fees Charged)
  *Note:* The email registered with EfileTexas.gov must be used to retrieve the E-issuance Service Documents.
  Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By: Attorney/Party Name:** Anthony G. Buzbee   **Bar # or ID** 24001820

**Mailing Address:** 600 Travis Street, Suite 7500, Houston, TX 77002



# Marilyn Burgess

### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

12/18/2024 8:54:35 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 95435975
By: CHAMBERS, WANDA R
Filed: 12/18/2024 8:54:35 AM

### Request for Issuance of Service

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition for Barratry and Conspiracy to Committ Barratry

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Roc Nation, LLC

Address of Service: 600 Mamaroneck Avenue #400

City, State & Zip: Harrison, New York 10528

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias** Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission/Texas Department of Transportation ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP** (phone) _____
- [ ] **MAIL to attorney at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by CONSTABLE**
- [ ] **CERTIFIED MAIL by DISTRICT CLERK**
- [x] **E-Issuance by District Clerk** (No Service Copy Fees Charged)

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** _____ **Phone:** _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By: Attorney/Party Name:** Anthony G. Buzbee    **Bar # or ID** 24001820

Mailing Address: 600 Travis Street, Suite 7500, Houston, TX 77002

Phone Number: 713-223-5393

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 202487692

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO.

1018158
EML

TRACKING NO: 74418696

Plaintiff:
GARICA, GERARDO
vs.
Defendant:
CROFT, MARCY BRYAN

In The 127thJudicial District
Court of Harris County, TX

Houston, Texas

CITATION (SECRETARY OF STATE NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

To: CROFT, MARCY BRYAN BY SERVING THROUGH THE TEXAS SECRETARY OF STATE P O BOX 12079
AUSTIN TEXAS 78711-2079
FORWARD TO:
    1501 JACKSONIAN PLAZA 12159, JACKSON MS 39211

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION FOR BARRATRY AN CONSPIRACY TO
COMMITT BARRATRY.

This instrument was filed on December 18, 2024 in the above cited cause number and court.
The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you. In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit. These disclosures generally must be made no later than 30 days after you file
your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
    This citation was issued onDecember 18, 2024, under my hand and seal of said court.

Issued at the request of:
BUZBEE, ANTHONY GLENN
600 TRAVIS, STE. 7500
HOUSTON, TX 77002
713-223-5393
Bar Number: 24001820



Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston TX 77002
(POBox 4651, Houston, TX 77210)

Generated By:

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 202487692

1/8/2025 4:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 96007581
By: Carol Williams
Filed: 1/8/2025 4:13 PM

**COPY OF PLEADING PROVIDED BY PLT**

RECEIPT NO.

1018158
EML

TRACKING NO: 74418700

| Plaintiff: | In The 127thJudicial District |
|---|---|
| GARICA, GERARDO | Court of Harris County, TX |
| vs. | |
| Defendant: | |
| CROFT, MARCY BRYAN | Houston, Texas |

CITATION (SECRETARY OF STATE NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

To:   ROC NATION LLC (A LIMITED LIABILITY COMPANY) BY SERVING THROUGH THE TEXAS SECRETARY OF
STATE PO BOX 12079 AUSTIN TEXAS 78711-2079
FORWARD TO: ITS REGISTERED AGENT CORPORATE CREATIONS NETWORK INC
      600 MAMARONECK AVENUE #400, HARRISON NY 10528

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION FOR BARRATRY AN CONSPIRACY TO
COMMITT BARRATRY.

This instrument was filed on December 18, 2024 in the above cited cause number and court.
The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
    This citation was issued onDecember 18, 2024, under my hand and seal of said court.

Unofficial Copy Office of Marilyn Burgess District Clerk

Issued at the request of:
BUZBEE, ANTHONY GLENN
600 TRAVIS, STE. 7500
HOUSTON, TX   77002
713-223-5393
Bar Number: 24001820



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline,  Houston TX 77002
(POBox 4651, Houston, TX 77210)

Generated By:



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2024-87692  **CURRENT COURT:** 127th

**Name(s) of Documents to be served:** Plaintiff's Original Petition for Barratry and Conspiracy to Committ Barratry

**FILE DATE:** 12/18/2024 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** MJ Legal, P.A.

Address of Service: 1501 Jacksonian Plaza 12159,

City, State & Zip: Jackson, MS 39211

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission/Texas Department of Transportation ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP** (phone) _____
- [ ] **MAIL to attorney at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by CONSTABLE**
- [ ] **CERTIFIED MAIL by DISTRICT CLERK**

- [x] **E-Issuance by District Clerk**
   **(No Service Copy Fees Charged)**
   ***Note:*** The email registered with EfileTexas.gov must be used to retrieve the E-issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** _____  Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Anthony G. Buzbee  Bar # or ID 24001820

Mailing Address: 600 Travis Street, Suite 7500, Houston, TX 77002

Phone Number: 713-223-5393

Uncertified Copy Official Copy Official Copy of Marilyn Burgess District Clerk

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO. 1018158
TRACKING NO: 74428770

Plaintiff:

GARICA, GERARDO

vs.

Defendant:

CROFT, MARCY BRYAN

In The 127th Judicial District
Court of Harris County, Texas

Houston, Texas

CITATION (SECRETARY OF STATE CORPORATE NON-RESIDENT)

THE STATE OF TEXAS

County of Harris

To:  MJ LEGAL, P A (A BUSINESS CORPORATION) CAN BE SERVED THROUGH THE TEXAS SECRETARY OF
     STATE
P O BOX 12079 AUSTIN TEXAS 78711-2079
FORWARD TO:
     1501 JACKSONIAN PLAZA 12159 , JACKSON MS 39211

        Attached is a copy of PLAINTIFF'S ORIGINAL PETITION FOR BARRATRY AND CONSPIRACY TO
COMMITT BARRATRY.

This instrument was filed on December 18, 2024 in the above cited cause number and court.  The instrument attached
describes the claim against you.

        YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with
the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 30 days after
you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer
with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally
must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
        This citation was issued on January 17, 2025, under my hand and seal of said court.

Issued at the request of:
BUZBEE, ANTHONY GLENN
600 TRAVIS STREET, SUITE 7500
HOUSTON, TX  77002
713-223-5393
Bar Number 24001820

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline,  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: NELSON CUERO

CAUSE NUMBER: 202487692

PLAINTIFF: GARICA, GERARDO

vs.

DEFENDANT: CROFT, MARCY BRYAN

In the 127th

Judicial District Court of

Harris County, Texas

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M. on the _____ day of _____, 20_____. Executed at Address)_____ in _____ County at o'clock ___.M. on the _____ day of _____, 20_____, by Summoning the _____ Delivering to _____in person a corporation  By leaving in the principal office during office hours_____ of the said_____ a true copy of this notice, together with accompanying copy of _____To certify which I affix my hand officially this _____day of _____, 20___.

Fees $_____

_____
          Affiant

By_____
          Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__

_____
Notary Public

Unofficial Copy Office of Marilyn Burgess District Clerk

**GERARDO GARCIA**
**PLAINTIFF**

**VS.**

**IN THE 127TH JUDICIAL DISTRICT**
**COURT OF HARRIS COUNTY, TEXAS**

**MARCY BRYAN CROFT, ET AL**
**DEFENDANT**

## RETURN OF SERVICE

My name is **ANDREW SWATZELL**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1108 Lavaca St Ste 110-549 , Austin  TX , 78701, U.S.A.

ON **Friday January 17, 2025 AT 01:00 PM - TWO DUPLICATE COPIES OF CITATION (SECRETARY OF STATE CORPORATE NON-RESIDENT); PLAINTIFF'S ORIGINAL PETITION FOR BARRATRY AND CONSPIRACY TO COMMIT BARRATRY; AND $55 JURISDICTIONAL FEE** came to hand for service upon **MJ LEGAL PA (A BUSINESS CORPORATION) BY SERVING THE TEXAS SECRETARY OF STATE**.

On **Friday January 17, 2025** at **02:32 PM** - The above named documents were hand delivered to: **MJ LEGAL PA (A BUSINESS CORPORATION) BY SERVING THE TEXAS SECRETARY OF STATE @ 1019 BRAZOS, ROOM 105**, AUSTIN, TX 78701, in Person, By delivering to Venita Moss, Authorized Person to accept service of process.**

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                                        DECLARATION

"My name is **ANDREW SWATZELL,** my date of birth is 11/24/1983 my business address is  1108 Lavaca St Ste 110-549 , Austin  TX , 78701, U.S.A.**, and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Travis County, State of Texas on Monday January 20, 2025**

**PSC#18592 EXP. 09/30/26**
Declarant; Appointed in accordance with State Statutes.

2025.01.973752

efile@courtrecords.com

## CAUSE NO. 2024-87692

| | | |
|---|---|---|
| GERARDO GARCIA, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MARCY BRYAN CROFT, ROC | § | |
| NATION, LLC, MJ LEGAL, P.A., | § | |
| JESSICA SANTIAGO, QUINN | § | |
| EMANUEL URQUHART & | § | 127th JUDICIAL DISTRICT |
| SULLIVAN, LLP, | § | |
| | § | |
| *Defendants.* | § | |

### QUINN EMANUEL URQUHART & SULLIVAN, LLP'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF GERARDO GARCIA'S ORIGINAL PETITION

Defendant Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") hereby files its Original Answer and Affirmative Defenses to Plaintiff Gerardo Garcia's Original Petition.

### I.
### GENERAL DENIAL

1.     In accordance with Texas Rule of Civil Procedure 92, Quinn Emanuel generally denies each and every charge and allegation set forth in Plaintiff's Original Petition. Quinn Emanuel respectfully prays that Plaintiff be required to prove the claims and allegations asserted against Quinn Emanuel in this lawsuit by a

QUINN EMANUEL URQUHART & SULLIVAN, LLP'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF GERARDO GARCIA'S ORIGINAL PETITION

PAGE 1

Unofficial Copy Office of Marilyn Burgess District Clerk

preponderance of the evidence or such higher standard as may be applicable, as required by the Constitution and the laws of the State of Texas.

2.     Quinn Emanuel reserves the right to amend or supplement this Answer in accordance with the Texas Rules of Civil Procedure and/or any scheduling order that the Court has entered or may enter in this lawsuit.

## II.
### AFFIRMATIVE DEFENSES

3.     In response to the claims asserted by Plaintiff in its Original Petition, and pursuant to Rule 94 of the Texas Rules of Civil Procedure, together with Texas Civil Practice and Remedies Code Section 33.004(j), Quinn Emanuel asserts that one or more John Doe(s) is or are responsible third part(ies), on the grounds that their alleged criminal, negligent, and/or other wrongful conduct was the sole and proximate cause of the alleged injuries or loss alleged in Plaintiff's live pleadings.[1] *See* TEX. CIV. PRAC. & REM. CODE §§ 33.004(j), 33.011(6).

4.     In addition, and without waiver of prior or subsequent defenses, Quinn Emanuel asserts the following affirmative defenses and/or matters in avoidance in this lawsuit and reserves the right to add to, supplement, or amend same in

---

[1] For the avoidance of doubt, Quinn Emanuel does not concede Plaintiff's allegation that any criminal activity, negligent, or wrongful conduct occurred, or that Plaintiff has suffered any injuries or loss as a result of any alleged criminal activity, negligent, or wrongful conduct as alleged in its petition.

accordance with the Texas Rules of Civil Procedure and/or any scheduling order that the Court has entered or may enter in this lawsuit:

a. Plaintiff's claims are barred by virtue of Plaintiff's unclean hands.

b. Plaintiff's claims are barred by virtue of Plaintiff's fraud.

c. Plaintiff's claims are barred by virtue of the doctrine of illegality.

d. Plaintiff's claims are barred by virtue Plaintiff's own and/or contributory negligence.

e. Plaintiff's claims are barred or limited by Plaintiff's own conduct, which was the cause of Plaintiff's alleged damages, if any.

f. Plaintiff's claims are barred due to Plaintiff's failure to mitigate its damages, if any.

g. Plaintiff's claims are barred and/or limited by virtue of the fact that the alleged negligence and/or intentional conduct of one or more responsible third parties, over whom Quinn Emanuel possessed no right to control, was the cause of Plaintiff's alleged damages, if any.

h. Plaintiff's claims are barred, in whole or in part, by the attorney-immunity doctrine.

i. Plaintiff's claims are barred, in whole or in part, by the judicial-proceedings privilege.

j. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to recover in the capacity in which it sues and/or Quinn Emanuel is not liable in the capacity in which it is sued.

k. Plaintiff's claims are barred by virtue of the doctrine of new and independent cause.

l. Quinn Emanuel further asserts the defenses of comparative liability and contribution pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code or such equal or higher standards as may be available.

Quinn Emanuel asks that the trier of fact be directed to compare and assign percentages of responsibility to the parties, any settling defendants, and any relevant third parties (including those discussed in paragraph 3, *supra*). Quinn Emanuel further asks that any judgment rendered in connection with this lawsuit be done so pursuant to the rights of contribution accorded Quinn Emanuel, including but not limited to those set forth in Chapter 33 of the Texas Civil Practice and Remedies Code. Quinn Emanuel similarly reserves its right to make an election under Sections 33.012 and/or 33.013 of the Texas Civil Practice and Remedies Code, including with respect to settlements made by any parties to this lawsuit, any settling defendants, and/or any relevant third parties (including those discussed in paragraph 3, *supra*).

m. Quinn Emanuel asserts that Plaintiff's claims are barred by the doctrine of waiver and/or estoppel.

n. Quinn Emanuel asserts that Plaintiff's claims are barred, in whole or in part, by limitations.

o. Quinn Emanuel asserts that Plaintiff's claims are barred by laches.

p. Quinn Emanuel asserts that it is entitled to an offset, setoff, and/or credit against Plaintiff's damages recovered in connection with its claims, if any.

q. Quinn Emanuel posits that Plaintiff is not entitled to recover exemplary damages from Quinn Emanuel, including because it cannot show any damages caused by the willful act(s), willful omission(s), or gross negligence of Quinn Emanuel.

5. Again, Quinn Emanuel asserts the aforementioned affirmative defenses and/or matters of avoidance in the alternative, and without waiver to one another. Moreover, Quinn Emanuel reserves the right to amend this pleading to withdraw or add one or more affirmative defenses and/or matters of avoidance as necessary.

6.

QUINN EMANUEL URQUHART & SULLIVAN, LLP'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF GERARDO GARCIA'S ORIGINAL PETITION

PAGE 4

## III.
### RULE 193.7 NOTICE

7. Quinn Emanuel hereby gives notice to Plaintiff that any and all documents produced in response to written discovery may be used against it at any pretrial proceeding and/or at trial of this matter, without the necessity of authenticating the documents.

## IV.
### TEXAS RULE OF EVIDENCE 609(F) REQUEST FOR NOTICE

8. Pursuant to Texas Rule of Evidence 609(f), Quinn Emanuel hereby requests that Plaintiff and any other party added to this lawsuit each provide sufficient written notice of their intent to introduce into evidence (or otherwise use) the criminal conviction of any individual whom Quinn Emanuel identifies as someone Quinn Emanuel may or will call as a witness in this matter.

## V.
### CONCLUSION AND PRAYER

Defendant Quinn Emanuel Urquhart & Sullivan, LLP respectfully prays that the Court deny Plaintiff's prayer for relief in all respects and dismiss any and all claims against it with prejudice. Quinn Emanuel also prays for any and all additional relief to which it may show itself justly entitled, either a law or in equity.

**Dated: January 27, 2025**            *Respectfully Submitted,*

**Bradley**

By:      /s/ Robert H. Ford
         Robert H. Ford
         TX State Bar No. 24074219
         rford@bradley.com
         Michael C. Williams
         Texas Bar No. 24139101
         mcwilliams@bradley.com
         Lauren Black
         Texas State Bar No. 24078979
         lblack@bradley.com
         Mary Grace Whitten
         TX State Bar No. 24143519
         mwhitten@bradley.com
         BRADLEY ARANT BOULT CUMMINGS, LLP
         600 Travis Street, Suite 5600
         Houston, Texas 77002
         (713) 576-0300 Telephone
         (713) 576-0301 Telecopier

         **ATTORNEYS FOR QUINN EMANUEL
         URQUHART & SULLIVAN, LLP**

         <u>**CERTIFICATE OF SERVICE**</u>

I certify, pursuant to the Texas Rules of Civil Procedure, that a true and correct copy of the foregoing has been served on all counsel of record for all parties on this the 27th day of January, 2025, via the Court's e-Filing system.


         /s/ Robert H. Ford
         Robert H. Ford

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Angela Davis on behalf of Robert Ford
Bar No. 24074219
adavis@bradley.com
Envelope ID: 96621386
Filing Code Description: Answer/ Response / Waiver
Filing Description: Quinn Emanuels Original Answer and Affirmative Defenses to Plaintiff Garcias Original Petition
Status as of 1/27/2025 11:02 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jessica Salto | | jsalto@txattorneys.com | 1/27/2025 10:55:15 AM | SENT |
| Christopher Leavitt | | cleavitt@txattorneys.com | 1/27/2025 10:55:15 AM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 1/27/2025 10:55:15 AM | SENT |
| Buzbee Law Firm | | efiling@txattorneys.com | 1/27/2025 10:55:15 AM | SENT |
| Cheryl Bayley | | Cbayley@txattorneys.com | 1/27/2025 10:55:15 AM | SENT |
| Mike Scarcella | | mike.scarcella@tr.com | 1/27/2025 10:55:15 AM | SENT |
| David C.Fortney | | dfortney@txattorneys.com | 1/27/2025 10:55:15 AM | SENT |
| Maria Gonzalez | | mgonzalez@txattorneys.com | 1/27/2025 10:55:15 AM | SENT |
| Robert H.Ford | | rford@bradley.com | 1/27/2025 10:55:15 AM | SENT |
| Michael Williams | | mcwilliams@bradley.com | 1/27/2025 10:55:15 AM | SENT |
| Lauren Black | | lblack@bradley.com | 1/27/2025 10:55:15 AM | SENT |
| Mary GraceWhitten | | mwhitten@bradley.com | 1/27/2025 10:55:15 AM | SENT |
| Angela Davis | | adavis@bradley.com | 1/27/2025 10:55:15 AM | SENT |
| Latisha Horn | | lhorn@bradley.com | 1/27/2025 10:55:15 AM | SENT |
| Mia Brown | | mtbrown@bradley.com | 1/27/2025 10:55:15 AM | SENT |

Cause No. 2024-87692

| | | |
|---|---|---|
| GERARDO GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MARCY BRYAN CROFT, ROC NATION, | § | |
| LLC, MJ LEGAL, P.A., JESSICA | § | |
| SANTIAGO, QUINN EMANUEL | § | 127th JUDICIAL DISTRICT |
| URQUHART & SULLIVAN, LLP, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS MARCY BRYAN CROFT & MJ LEGAL, P.A.'S VERIFIED SPECIAL APPEARANCE TO CONTEST PERSONAL JURISDICTION AND—SUBJECT TO SPECIAL APPEARANCE—ANSWER, SPECIAL EXCEPTIONS, & <u>AFFIRMATIVE DEFENSES</u>

Defendants Marcy Bryan Croft and MJ Legal, P.A. (collectively, the "Croft Defendants") specially appear for the limited purpose of objecting to this Court's personal jurisdiction over them. Subject to and without waiving their special appearance, the Croft Defendants generally answer and raise special exceptions and affirmative defenses to Plaintiff Gerardo Garcia's Original Petition.

## THE CROFT DEFENDANTS' SPECIAL APPEARANCE TO CONTEST PERSONAL JURISDICTION

Under Texas Rule of Civil Procedure 120a, the Croft Defendants make this special appearance to the entire proceeding to object to this Court's personal jurisdiction. The Croft Defendants file this special appearance before filing any other plea, pleading, or motion.

## GOVERNING LEGAL STANDARD

A Texas court may not exercise personal jurisdiction over a nonresident defendant unless "(1) the defendant has established minimum contacts with [Texas], and (2) the exercise of jurisdiction comports with the traditional notions of fair play and substantial justice." *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 166 (Tex. 2007). A nonresident defendant's minimum contacts can give rise to either general or specific personal jurisdiction. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574–76 (Tex. 2007).

As the plaintiff, Garcia bears the burden to plead allegations sufficient for this Court to exercise personal jurisdiction over the Croft Defendants. *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 66 (Tex. 2016). A plaintiff's "conclusory statements" cannot satisfy this burden. *Predator Downhole Inc. v. Flotek Indus., Inc.*, 504 S.W.3d 394, 408–09 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (no specific jurisdiction when alleged contacts with Texas were "only implied or stated in a conclusory manner"); *see also Urban v. Barker*, 2007 WL 665118, at *5 (Tex. App.— Houston [14th Dist.] Mar. 6, 2007, no pet.) (same when the petition "contains conclusory

statements alleging misrepresentations and fraudulent conduct"); *Haferkamp v. Grunstein*, 2012 WL 1632009, at \*6 (Tex. App.—Eastland May 10, 2012, pet. denied) ("[Plaintiff] did not meet her initial burden of pleading sufficient allegations to bring appellees within the provisions of the Texas long-arm statute . . . . [T]he petition was vague and conclusory regarding jurisdiction."). And the nonresident defendant may challenge a petition's jurisdictional allegations with an affidavit and exhibits. *See* Tex. R. Civ. P. 120a(3) (in resolving special appearance, a court must consider "the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony").

Plaintiff cannot establish either general or specific jurisdiction over the Croft Defendants. The Croft Defendants are not "at home" in Texas, and Plaintiff's claims do not arise from the Croft Defendants' purposeful contacts with Texas. The Croft Defendants' special appearances should therefore be sustained.

I. **There Is No General Jurisdiction Over the Croft Defendants Because They Are Not "at Home" in Texas.**

Outside of very rare situations, general jurisdiction exists only where a corporation is (1) incorporated and (2) headquartered or where an individual is domiciled. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*, 592 U.S. 351, 358–59 (2021). Indeed, only once has the Supreme Court found general jurisdiction outside of those contexts, and it took the disruption of World War II to create that exceptional circumstance. *See Perkins v. Benguet Mining* 342 U.S. 437, 448-49 (1952) (finding general jurisdiction over mining company in Ohio because company had relocated to Ohio from the Philippines after Japan occupied the latter). As the Texas Supreme Court has explained, general jurisdiction exists only when "affiliations with the State are so continuous and systematic as to render [the defendant] essentially at home in the forum State."

*Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 565 (Tex. 2018) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). That very high bar exists because the consequences of finding that a party is subject to general jurisdiction in Texas are so great; it means that party can be sued in Texas for events happening anywhere in the world, even claims that have "nothing to do with Texas." *Spir Star AG v. Kimich*, 310 S.W.3d 868, 874 (Tex. 2010).

The Croft Defendants are not "at home" in Texas. As the petition acknowledges, Ms. Croft is domiciled in Mississippi and MJ Legal is her firm. Pet. at 11. MJ Legal is incorporated and headquartered in Mississippi. Croft Decl. ¶¶ 1, 4. Thus, the Croft Defendants are in no way "essentially at home in the Lone Star State." *See Searcy*, 496 S.W.3d at 78.

The petition's cursory assertions (at 7–8) that Ms. Croft is "licensed in Texas" and that MJ Legal "perform[s] legal services in Texas" do not upset that conclusion. As a Texas court recognized even before *Daimler*'s tightening of general jurisdiction, "a nonresident attorney's occasional representation of Texas residents is ordinarily insufficient to justify the exercise of general jurisdiction." *Yuen v. Fisher*, 227 S.W.3d 193, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). *Yuen*, for example, rejected arguments that Texas state courts had general jurisdiction over a California lawyer with a "national legal practice" who "regularly litigate[d] cases around the country" and had served as co-counsel years before in Texas federal court because such contacts were insufficient. *Id.*

Because they are not "at home" in Texas, the Croft Defendants are not subject to the general jurisdiction in Texas that would allow them to be sued for events having no nexus to our state.

## II.     Texas Also Lacks Specific Jurisdiction over the Croft Defendants.

The exercise of specific jurisdiction over the Croft Defendants is likewise improper. A state has specific jurisdiction over a nonresident defendant only when (1) the defendant has purposefully availed itself of the privilege of conducting activities within the state and (2) there is

a strong connection between the defendant's purposeful forum contacts and the plaintiff's claims. *Ford Motor*, 592 U.S. at 359–60; *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 8-9 (Tex. 2021). When there are no purposeful forum contacts, or when the connection between those contacts and the plaintiff's claims is too attenuated, a defendant's special appearance must be sustained because personal jurisdiction is lacking. *AIKG, LLC v. CSP Consultants Grp., LLC*, 2022 WL 947197, at *4 (Tex. App.—San Antonio Mar. 30, 2022, no pet.).

In assessing purposeful availment, only the defendant's contacts are relevant; the plaintiff's contacts with the forum cannot create jurisdiction over the defendant. *See Walden v. Fiore*, 571 U.S. 277, 291 (2014); *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005). Moreover, neither "random, fortuitous, or attenuated contacts" nor the unilateral activity of another party or a third person meets the purposeful availment requirement of minimum contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (cleaned up). The defendant must have sought "some benefit, advantage, or profit by 'availing' itself of the jurisdiction." *Michiana*, 168 S.W.3d at 785. And the defendant's contacts alone are not enough. There must also be a "substantial connection" between the defendant's purposeful activities in the state and the case's operative facts. *M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co., Inc.*, 512 S.W.3d 878, 890 (Tex. 2017).

The petition contains barebones allegations aimed at tying the Croft Defendants to Texas. But these allegations—that Ms. Croft is licensed in Texas and that MJ Legal at some unspecified point did in-state legal work divorced from this case—do nothing to satisfy Plaintiff's burden to establish specific jurisdiction. In fact, Plaintiff does not even allege that the Croft Defendants did anything in Texas related to this case—nor could he. At best, it appears that Plaintiff is attempting

to manufacture specific jurisdiction based on a supposed Texas-related conspiracy and the alleged acts of purported agents.  Neither basis supports the exercise of specific jurisdiction.

**A Texas Conspiracy Will Not Suffice.**  The petition alleges a conspiracy between the Croft Defendants, Quinn Emanuel, and two so-called "investigators" (one who's not even named and another who apparently does not even exist).  That a conspiracy exists is a farce.  Setting that aside, the allegations of conspiracy cannot establish specific jurisdiction.  *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 560 (Tex. 2018) (*"[T]he mere existence or an allegation of a conspiracy directed at Texas is insufficient to confer jurisdiction"*).  The Supreme Court of Texas has expressly rejected theories that would establish jurisdiction "based solely upon the effects or consequences of an alleged conspiracy in the forum state."  *Michiana*, 168 S.W.3d at 789.  That's because the "acts of conspirators cannot be imputed to a defendant as the basis for the assertion of specific jurisdiction," *Novamerican Steel, Inc. v. Delta Brands, Inc.*, 231 S.W.3d 499, 509 (Tex. App.—Dallas 2007).  Accordingly, personal jurisdiction cannot be based on the petition's allegations of a so-called conspiracy.

**A Texas Victim Will Not Suffice.**  Plaintiff's allegations that a Texas resident was allegedly harmed—though the allegation makes no sense because Garcia did not retain a lawyer to sue Tony Buzbee—fail for similar reasons.  "[M]ere injury to a forum resident is not a sufficient connection to the forum."  *Walden*, 571 U.S. at 290.  The Supreme Court of Texas has expressly rejected any theory that would permit specific jurisdiction based solely on allegations that the defendant "directed a tort" to the forum.  *See Michiana*, 168 S.W.3d at 790-92.  That's because jurisdiction is based on the defendant's own contacts—not the plaintiff's.  No facts connect the Croft Defendants to the Texas events underlying Plaintiff's claims.  As a result, there is no specific jurisdiction over the Croft Defendants.

*A Third Party—Acting Unilaterally—Will Not Suffice.* The unilateral acts of a third party are not relevant to personal jurisdiction over a particular defendant. *Walden*, 571 U.S. at 286 ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." (cleaned up)). And although an agent's contacts may be imputed to a principal for personal-jurisdiction purposes, an agency relationship "will not be presumed, and the party asserting the relationship has the burden of proving it." *Coleman v. Klockner & Co. AG*, 180 S.W.3d 577, 588 (Tex. App.—Houston [14th Dist.] 2005, reh'g overruled).

To clear this high bar, a plaintiff must plead (1) that the defendant had the right to control both the means and the details of the third party's work, (2) evidence of actual or apparent authority, or (3) that the defendant later ratified the third party's conduct. *See Greenfield Energy, Inc. v. Duprey*, 252 S.W.3d 721, 734 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (agency standard); *Cap. Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd.*, 260 S.W.3d 67, 83 (Tex. App.—Houston [1st Dist] 2008) (burden of proof). The "critical test" for determining whether a third party's contacts with a forum state may be imputed to a defendant "remains that of the right or exercise of control." *Greenfield Energy*, 252 S.W.3d at 733; *see also Stocksy United v. Morris*, 592 S.W.3d 538, 548 (Tex. App.—Houston [1st Dist] 2019) (same). That is, "the principal must have control of *both* the means *and* details of the process by which the agent is to accomplish his task in order for the agency relationship to exist." *Coleman v. Klockner & Co. AG*, 180 S.W.3d 577, 588 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (emphases added).

Plaintiff cannot plead—much less prove—facts to clear even one of the three principal-agent hurdles. *First*, the Croft Defendants did not control the two purportedly Texan

"investigators"—and the petition does not allege such control. Croft Decl. ¶¶ 5–6. *Second*, the "investigators" lacked both actual and apparent authority to act as the Croft Defendants' agents— authority that can be created *only* through the principal's conduct "communicated either to the agent (actual authority) or to a third party (apparent authority)." *Disney Enters., Inc. v. Esprit Fin., Inc.*, 981 S.W.2d 25, 30 (Tex. App.—Houston [San Antonio] 1998, pet. dism'd w.o.j.); Croft Decl. ¶¶ 5–6. The petition points to no "written or spoken words or conduct by [the Croft Defendants] that communicated the ["investigators'"] actual or apparent authority as [the Croft Defendants'] agents." *Greenfield Energy*, 252 S.W.3d at 733. At best, Plaintiff relies on statements by an "investigator" purportedly named "Jessica Santiago," who—according to an unofficial transcript of an audio recording Garcia's counsel has refused to provide the Croft Defendants—identified Ms. Croft "from MJ Legal" as a lawyer with whom Plaintiff could speak about potential claims. Pet. at 2, 11; Ex. 1. Ms. Croft has never heard of or talked to such a person. Croft Decl. ¶ 6. In any event, even statements by a "purported agent which may mislead persons into false inferences of authority"—the most generous reading of Plaintiff's allegations—cannot "serve as predicate for apparent authority" even when the inferences are "reasonable." *Disney*, 981 S.W.2d at 30.

Finally, the Croft Defendants have never ratified the "investigators'" conduct, which occurs when the defendant "for whom an act was done retains the benefits of the transaction after acquiring full knowledge of the transaction." *Id.* at 31. The petition in no way alleges such a ratification. And it's impossible for the Croft Defendants to have "full knowledge"; they have never heard of these "investigators" or otherwise directed anyone to contact Garcia. Croft Decl. ¶¶ 5–6. It also follows from this lack of awareness of any investigators' contacting Garcia that no "transaction" was initiated on the Croft Defendants' behalf or for their benefit.

Defendants Marcy Bryan Croft & MJ Legal, P.A.'s Verified Special Appearance to
Contest Personal Jurisdiction and—Subject to Special Appearance—Answer,
Special Exceptions, and Affirmative Defenses                                    Page 7

## III. The Exercise of Personal Jurisdiction over the Croft Defendants Would Offend Traditional Notions of Fair Play and Substantial Justice.

To conclude that Texas has personal jurisdiction over a Mississippi resident (Ms. Croft) or a Mississippi entity (MJ Legal) on any of Plaintiff's groundless theories would offend traditional notions of fair play and substantial justice. Such an exercise of jurisdiction—based on conclusory allegations of a "conspiracy" involving Texans or on an agency theory invented out of whole cloth—would render personal jurisdiction "universal jurisdiction," that is, "no defense at all." *See Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317, 320 (5th Cir. 2021). The Croft Defendants' indirect and incidental "contacts with Texas—which have nothing to do with Plaintiff Garcia or this lawsuit—[a]re too fortuitous and attenuated" for the exercise of specific jurisdiction to comply with due process. *See Searcy*, 496 S.W.3d at 62.

### SUBJECT TO SPECIAL APPEARANCE, THE CROFT DEFENDANTS' ORIGINAL ANSWER

Under Texas Rule of Civil Procedure 92, the Croft Defendants generally deny each and every material allegation contained in Plaintiff's petition and state that Plaintiff should be required to prove his allegations by a preponderance of the evidence as required by law.

### SUBJECT TO SPECIAL APPEARANCE, THE CROFT DEFENDANTS' AFFIRMATIVE DEFENSES

Under Texas Rule of Civil Procedure 94, the Croft Defendants set forth affirmatively the following matters constituting an avoidance or an affirmative defense:

1) The Croft Defendants are not liable to Plaintiff in this Court because the Court lacks personal jurisdiction over the Croft Defendants.

2) Plaintiff's claims against the Croft Defendants are barred because Plaintiff's injuries, if any, occurred as the proximate result of some independent, intervening cause, or some new and independent cause, that the Croft Defendants could not reasonably have foreseen and over which the Croft Defendants did not exercise authority or control.

3) Plaintiff's claims are barred because there was no special relationship between the Croft Defendants and Plaintiff, or between the Croft Defendants and the third parties whom the Petition alleges were the direct cause of Plaintiff's injuries. In the absence of any special relationship, the Croft Defendants had no duty to control the conduct of those third parties or to warn Plaintiff of the dangers created by those third parties' conduct.

4) Plaintiff's claims against the Croft Defendants are barred by the First Amendment because they implicate the Croft Defendants' freedom of association.

5) Plaintiff's claims against the Croft Defendants are barred by the Texas Citizens' Participation Act. *See generally* Tex. Civ. Prac. & Rem. Code § 27.003

The Croft Defendants reserve the right to assert such other and further matters constituting an avoidance or an affirmative defense as may be revealed in further discovery and/or investigation in this action.

## SUBJECT TO SPECIAL APPEARANCE, THE CROFT DEFENDANTS' SPECIAL EXCEPTIONS

The Croft Defendants file these special exceptions under Texas Rule of Civil Procedure 91 to identify defects in the petition.

*First*, the petition fails to comply with Texas Rule of Civil Procedure 47(c), which requires Plaintiff state with specificity that he seeks one of the following:

1. Only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs;

2. Monetary relief of $250,000 or less and non-monetary relief;

3. Monetary relief over $250,000 but not more than $1,000,000;

4. monetary relief over $1,000,000; or

5. Only non-monetary relief.

Plaintiff's petition contains no such specific language, instead requesting "injunctive relief and monetary relief over $100,000." Pet. at 9.

*Second*, the four exhibits attached to Plaintiff's petition must be struck because they violate Texas Rule of Civil Procedure 59, which permits only a "narrow class" of exhibits (not present here) to be attached to pleadings. *Bethel v. Quilling*, 595 S.W.3d 651, 654 (Tex. 2020); *see also Tex. Elec. Serv. Co. v. Commercial Standard Ins. Co.*, 592 S.W.2d 677, 684 (Tex. Civ. App.—Fort Worth 1979, writ ref'd n.r.e.) (deposition transcript) (sustaining special exceptions that sought to strike deposition excerpts as improperly attached to pleadings).

*Third*, the petition fails to plead the elements of Plaintiff's barratry claim because there is no allegation that the Croft Defendants solicited employment or offered to pay a prospective client with "intent to obtain an economic benefit" or that the Croft Defendants "knowingly finance[d]" the commission of an offense under section 38.12(a) of the Texas Penal Code.

*Fourth*, the petition fails to plead the elements of Plaintiff's conspiracy claim because it does not adequately allege a "meeting of the minds" as required by Texas law.

### PRAYER

For all of these reasons, the Croft Defendants ask the Court to set their Special Appearance to Contest Personal Jurisdiction for hearing and, after the hearing, to sustain their Special Appearance and enter a final judgment dismissing Plaintiff's claims for want of jurisdiction.

Subject to and without waiver of their Special Appearance, the Croft Defendants request that their Special Exceptions be sustained.

Subject to and without waiver of their Special Appearance, the Croft Defendants request that their Original Answer be deemed good and sufficient and that the Court order that all Plaintiff's requested relief be denied with prejudice, that all costs and court and legal fees be taxed

against Plaintiff, and that the Croft Defendants be awarded all such other and further relief, legal, equitable, general, or special, to which they may justly be entitled.

Defendants Marcy Bryan Croft & MJ Legal, P.A.'s Verified Special Appearance to
Contest Personal Jurisdiction and—Subject to Special Appearance—Answer,
Special Exceptions, and Affirmative Defenses                                    Page 11

Dated: January 27, 2025          Respectfully submitted,

/s/ *Gregg J. Costa*
Gregg J. Costa
  State Bar No. 24028160
Sydney A. Scott
  State Bar No. 24088379
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002
Telephone: 346.718.6600
gcosta@gibsondunn.com
sascott@gibsondunn.com

Reed Brodsky (*pro hac vice* application forthcoming)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
rbrodsky@gibsondunn.com

**ATTORNEYS FOR DEFENDANTS MARCY
BRYAN CROFT & MJ LEGAL, P.A.**

Docusign Envelope ID: BD5906DF-C2C1-4D50-B0B1-6DB6CDC76EE9

## **VERIFICATION**

State of <u>Mississippi</u>          §
                                     §
<u>Madison</u>          County          §


     My name is Marcy Bryan Croft, my date of birth is June 7, 1974, and my business address

is 1501 Jacksonian Plaza 12159, Jackson, Mississippi  39211.  I declare under penalty of perjury

that to the best of my knowledge and understanding as of the date on which I am executing this

verification, the factual statements in Defendants Marcy Bryan Croft & MJ Legal, P.A.'s Verified

Special Appearance to Contest Personal Jurisdiction are true and correct.


Executed in<u>Madison</u>  County, State of <u>Mississippi</u>, on the 27th day of January, 2025.


Signed by:

34DE1E6C85F9407...

Declarant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of January, 2025, the foregoing document was filed and served on all counsel of record by electronic case filing in accordance with the Texas Rules of Civil Procedure.

*/s/ Gregg J. Costa*
GREGG J. COSTA

Docusign Envelope ID: 9E953336-49C4-4B89-A039-48E5F90129AF

Cause No. 2024-87692

| | | |
|---|---|---|
| GERARDO GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MARCY BRYAN CROFT, ROC NATION, | § | |
| LLC, MJ LEGAL, P.A., JESSICA | § | |
| SANTIAGO, QUINN EMANUEL | § | 127th JUDICIAL DISTRICT |
| URQUHART & SULLIVAN, LLP, | § | |
| | § | |
| *Defendants.* | § | |


### MARCY BRYAN CROFT'S DECLARATION IN SUPPORT OF DEFENDANTS MARCY BRYAN CROFT & MJ LEGAL, P.A.'S VERIFIED SPECIAL APPEARANCE TO CONTEST PERSONAL JURISDICTION AND—SUBJECT TO SPECIAL APPEARANCE—ANSWER, SPECIAL EXCEPTIONS, & AFFIRMATIVE DEFENSES

I, Marcy Bryan Croft, make this declaration under Section 132.001 of the Texas Civil Practice and Remedies Code and hereby declare the following under penalty of perjury:

1.	I am an attorney with over twenty-five years' experience litigating complex civil matters. I am the incorporator and director of my own law practice, MJ Legal, P.A. ("MJ Legal"), which is a co-defendant in the above-captioned action. I submit this declaration based upon my own personal knowledge, and if called upon to do so, could and would testify competently to the matters set forth herein.

2.	I am a Mississippi-licensed attorney and primarily practice there, although I also hold an active Texas bar license. The last time I—or MJ Legal—represented a client in Texas state court was in prior to 2021. This representation was unrelated to the claims in the case.

3.	I have never represented any Texas client in connection with Roc Nation, LLC or Quinn Emanuel Urquhart & Sullivan, LLP. I have never represented any client in any suit against

Plaintiff's attorney Anthony Buzbee or The Buzbee Law Firm, in the State of Texas or elsewhere. I do not target any advertising toward the state of Texas and do not pay taxes in the State.

4.      MJ Legal is a professional corporation incorporated in Mississippi and with its principal place of business in Jackson, Mississippi. MJ Legal is not registered as a foreign corporation licensed to conduct business within the state of Texas. Neither MJ Legal nor I personally have agents, employees, bank accounts, or offices in the State of Texas. Neither MJ Legal nor I own or lease any real property in the State of Texas.

5.      I do not have any agents soliciting business on my behalf in the State of Texas. I never authorized any individuals to go to Plaintiff's home on my behalf; nor did I have the means to control any individuals allegedly involved in solicitation of Plaintiff.

6.      I do not know anyone by the name "Jessica Santiago," including any investigator.

*       *       *

My name is Marcy Bryan Croft, my date of birth is June 7, 1974, and my business address is 1501 Jacksonian Plaza 12159, Jackson, Mississippi 39211. I declare under penalty of perjury that the foregoing is true and correct.

Executed in __Madison__ County, State of __Mississippi__, on the 27th day of January, 2025.

Signed by:

_____
Marcy Bryan Croft

**CAUSE NO. 2024-87692**

| | | |
|---|---|---|
| **GERARDO GARCIA** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **MARCY BRYAN CROFT, ROC** | § | |
| **NATION LLC, MJ LEGAL, P.A.,** | § | |
| **JESSICA SANTIAGO, QUINN** | § | |
| **EMANUEL URQUHART & SULLIVAN,** | § | |
| **LLP** | § | |
| | § | |
| **Defendant.** | § | **127TH JUDICIAL DISTRICT** |
| | § | |

---

### DEFENDANT ROC NATION, LLC'S SPECIAL APPEARANCE, AND SUBJECT THERETO, ORIGINAL ANSWER AND GENERAL DENIAL AND AFFIRMATIVE DEFENSES

---

Pursuant to Texas Rule of Civil Procedure 120a, Defendant Roc Nation, LLC ("Roc Nation"), files this special appearance and objects to this Court's exercise of personal jurisdiction over it. This special appearance is made to the entirety of Plaintiff Gerardo Garcia's ("Plaintiff") claims against Roc Nation and is filed before any plea, pleading, or motion filed by Roc Nation in this lawsuit. <u>Subject thereto</u>, Roc Nation files this Original Answer and its Affirmative Defenses in response to Plaintiffs' Original Petition ("Petition"), and states the following:

**SPECIAL APPEARANCE**

1.     Texas Rule of Civil Procedure 120a allows a party to appear specially, without making a general appearance, to object to the Court's exercise of personal jurisdiction. Tex. R. Civ. P. 120a. A special appearance's purpose is to establish that a Texas court cannot—consistent with the U.S. and Texas constitutions and applicable Texas statutes—validly obtain jurisdiction

over the defendant's person or property. *GFTA Trendanalysen B.G.A. Herrdum GMBH & Co., K.G. v. Varme*, 991 S.W.2d 785, 786 (Tex. 1999).

**Personal Jurisdiction Standard**

2.      Texas courts may exercise personal jurisdiction over a nonresident defendant only if "(1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees." *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). Asserting personal jurisdiction over a nonresident defendant comports with due process when (1) the nonresident defendant has minimum contacts with the forum state; and (2) asserting jurisdiction comports with traditional notions of fair play and substantial justice. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338 (Tex. 2009).

3.      A defendant establishes minimum contacts with a state when it "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* A defendant's contacts may give rise to either general jurisdiction or specific jurisdiction. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). Specific jurisdiction exists when the cause of action arises out of or relates to specific purposeful activities of the defendant in Texas. *Id.* The focus for specific jurisdiction is on the relationship between the forum, the defendant, and the litigation. *Id.* General jurisdiction exists when the defendant has made continuous and systematic contacts with the forum, such that the defendant is subject to jurisdiction even if the alleged liability does not arise from or relate to those contacts. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

4.      The plaintiff and the defendant bear shifting burdens of proof in a challenge to personal jurisdiction: the plaintiff bears the initial burden to plead sufficient allegations to bring

2

the nonresident defendant within the reach of Texas's long-arm statute; once the plaintiff has pleaded sufficient jurisdictional allegations, the defendant filing a special appearance bears the burden to negate all bases of personal jurisdiction alleged by the plaintiff, and because the plaintiff defines the scope and nature of the lawsuit, the defendant's corresponding burden to negate jurisdiction is tied to the allegations in the plaintiff's pleading. *Kelly v. Gen. Interior Const., Inc*., 301 S.W.3d 653 (Tex. 2010).

### ARGUMENTS AND AUTHORITIES

5. This Court lacks personal jurisdiction over Roc Nation for three reasons. *First*, there is no general jurisdiction because Roc Nation—a record label, talent agency, and media production firm—headquartered in New York City, New York, cannot be considered "at home" in Texas.[1] *Second*, there is no specific jurisdiction over Roc Nation because Plaintiff cannot establish that Roc Nation purposefully availed itself of conducting activities in Texas or that Plaintiff's cause(s) of action arise out of any specific purposeful activities of Roc Nation in Texas. *Third*, exercising personal jurisdiction over Roc Nation would offend the notions of fair play and substantial justice. For these reasons, the Court should grant this special appearance and dismiss this case.

### There is no general jurisdiction over Roc Nation.

6. General jurisdiction exists when the defendant has made continuous and systematic contacts, such that the forum may exercise jurisdiction over the defendant even if the alleged liability does not arise from or relate to those contacts. *BMC Software*, 83 S.W.3d at 795. Under this standard, a defendant's affiliations with the forum state must be so continuous and systematic as to render that defendant essentially "at home" in the forum state. *See Daimler AG v. Bauman*,

---

[1] Roc Nation is a limited liability company organized under the State of Delaware.

571 U.S. 117, 137 (2014). A court may exercise general jurisdiction over a defendant company if the company was organized under the law of the forum state or has its principal place of business there. *Ascentium Capital LLC v. Hi-Tech the School of Cosmetology Corp.*, 558 S.W.3d 824, 828 (Tex. App.—Houston [14th Dist.] 2018).

7.      Under these principles, Roc Nation is not "at home" in Texas and is therefore not subject to general personal jurisdiction here. Roc Nation does not reside in Texas. Roc Nation is a record label, talent agency, and media production firm headquartered in New York City. Roc Nation does not have any locations or offices in Texas nor does it continuously and systematically conduct business in Texas. *See* Declaration of Candice Davis attached as **Exhibit A**. Roc Nation has never had a mailing address or telephone number in Texas. *See* **Ex. A**. Roc Nation has never maintained a savings and loan association or bank account in Texas. *See* **Ex. A**. Roc Nation has never owned, leased, rented, or controlled any real or personal property in Texas. *See* **Ex. A**.

8.      Simply put, Roc Nation lacks sufficient contacts with Texas for the Court to exercise general jurisdiction over it.

**<u>There is no specific jurisdiction over Roc Nation.</u>**

9.      This Court also lacks specific jurisdiction over Roc Nation. Specific jurisdiction exists when (1) the defendant purposefully avails itself of conducting activities in the forum state, and (2) the cause of action arises out of or relates to specific purposeful activities of the defendant in Texas. *Moncrief*, 414 S.W.3d at 150. To resolve the first prong of the specific-jurisdiction analysis, courts consider:

(1)      the ***defendant's*** actions, but not the unilateral activity of another party;

(2)      whether the defendant's actions were purposeful rather than "random, fortuitous, or attenuated;" and

(3)      whether the defendant sought "some benefit, advantage, or profit by availing itself of Texas's jurisdiction."

4

*State v. Volkswagen Aktiengesellschaft*, 669 S.W.3d 399, 413–14 (Tex. 2023)(cleaned up).

10.     Applying these standards here, specific jurisdiction is lacking due to Plaintiff's failure to identify any facts that would give rise to specific jurisdiction. Again, it is a plaintiff's initial burden to establish facts that would give rise to jurisdiction over a defendant.

11.     As mentioned above, Roc Nation does not have any locations in Texas. *See* **Ex. A**. For a trial court to have specific jurisdiction over a defendant, the cause of action must arise out of or relate to the <u>defendant's contact with the forum state</u>. *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 772 (Tex. 1995). Here, there is an absence of any evidence of Roc Nation's alleged conspiratorial acts in, or directed to, Texas.

12.     Plaintiff's only allegation against Roc Nation is that it is allegedly <u>financing</u> a what appears to be a fabricated "conspiracy" against the Buzbee Law Firm with the other named Defendants in this lawsuit. Importantly, Plaintiff does not allege Roc Nation to have any other type of involvement in the so-called conspiracy other than providing funding to the other Defendants.  Plaintiff does not allege that Roc Nation made any contact whatsoever with Plaintiff, the Buzbee Law Firm, or any of the Buzbee Law Firm's former or current clients. And in fact, Roc Nation does not have any knowledge regarding who the Plaintiff is other than the fact that Plaintiff sued Roc Nation. *See* **Ex. A**. In this way, Plaintiff fails to show that Roc Nation purposefully directed any activity to Texas specifically. It is black letter law that personal jurisdiction may not be asserted over a nonresident defendant based solely upon effects or consequences of an alleged conspiracy with a resident in the forum state. *Gibson*, 897 S.W.2d 769. "A nonresident's alleged conspiracy with a Texas resident does not confer personal jurisdiction over the nonresident in Texas." *M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co., Inc.*, 512 S.W.3d 878, 887 (Tex. 2017).

13.     In *Gibson,* the Texas Supreme Court discussed the theory that the exercise of long-arm jurisdiction based on conspiracy rests on the concept that acts of conspirators within the state in furtherance of the conspiracy are attributable to co-conspirators outside of the state, but concluded that jurisdiction over the out-of-state defendant must rest not on a conceptual device but on a finding that the non-resident, through his relationship with another, has purposely availed himself of the privilege of conducting activities within the forum state. *Gibson*, 897 S.W.2d 773. (citing Althouse *The Use of Conspiracy Theory to Establish In Personam Jurisdiction: A Due Process Analysis,* 52 Fordham L.Rev. 234, 252 (1983)). Due process will not permit a plaintiff to use insignificant acts in the forum to assert jurisdiction over all co-conspirators. *Gibson,* 897 S.W.2d at 773; Althouse at 246. In *Gibson*, the Texas Supreme Court declined to recognize the assertion of personal jurisdiction over a nonresident defendant based solely upon the effects or consequences of an alleged conspiracy with a resident in the forum state. *Gibson,* 897 S.W.2d at 773. Here, given what appears to be a fictitious conspiracy, there is even less reason for personal jurisdiction against Roc Nation.

14.     To be clear, Roc Nation denies the allegations as flat out lies. As such, it should come as no surprise that there is no substance to the alleged conspiracy. Even in spinning the yarn of a fictitious conspiracy, Plaintiff makes no allegations that Roc Nation travelled to Texas to plan the alleged conspiracy, itself solicited or contacted Plaintiff, sent funds to any Texas bank accounts, or actually took any action *at all* in the State of Texas. In sum, Plaintiff failed to meet his burden of establishing personal jurisdiction as it relates to Roc Nation.

**Traditional Notions of Fair Play and Substantial Justice.**

15.     Exercising personal jurisdiction over Roc Nation would offend traditional notions of fair play and substantial justice for the reasons set forth above.  *Int'l Shoe Co. v.*

*Washington,* 326 U.S. 310 (1945); *Guardian Royal Exchange Assurance Co. v. English China Clays*, 815 S.W.2d 223 (Tex. 1991). Because Plaintiff cannot establish that Roc Nation has minimum contacts with Texas, Roc Nation is not subject to personal jurisdiction and should be dismissed from this lawsuit. All further pleadings in this instrument are expressly made subject to and without waiving this special appearance.

## GENERAL DENIAL

16.     In accordance with the rights granted to Roc Nation by Rule 92 of the Texas Rules of Civil Procedure, Roc Nation generally denies each and every material allegation contained in the Petition and demands that Plaintiff be required to prove his charges and allegations against Roc Nation as required by the Constitution and the laws of the State of Texas.

## ROC NATION'S AFFIRMATIVE DEFENSES

17.     Plaintiff's claims are barred because he suffered no damages as a result of the conduct alleged in the Original Petition.

18.     Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

19.     If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Roc Nation.

20.     Plaintiff's claims against Roc Nation fail to the extent Plaintiff seeks to hold Roc Nation liable, vicariously or otherwise, for the acts or omissions of others over whom or which Roc Nation exercised no control and for whom Roc Nation is not legally responsible.

21.     Plaintiff's claims are barred, in whole in part, because Plaintiff's own acts or omissions caused any and all injuries and damages allegedly suffered by Plaintiff.

22.     Plaintiff failed to exercise the degree of care of an ordinary person under the same or similar circumstances, which failure proximately caused or contributed to any alleged injuries or damages sustained and any such alleged injuries or damages should be barred or reduced proportionally.

23.     Roc Nation specifically denies that any alleged acts or omissions of Roc Nation would justify any claim for exemplary or punitive damages, asserts that exemplary and/or punitive damages are improper, and asserts that an award of punitive damages would be in violation of the due process of law and of the Constitutions of the United States and the State of Texas. In the alternative, Roc Nation invokes the applicable exemplary damages limit or exclusion under Section 41.008 of the Texas Civil Practice and Remedies Code.

24.     Plaintiff cannot recover exemplary or punitive damages from Roc Nation, because there is no evidence of fraud, malice, gross negligence, or other conduct by Roc Nation that would support an award of exemplary damages.

25.     Roc Nation reserves the right to raise additional or different defenses that may be discovered during the course of these proceedings.

## PRAYER

WHEREFORE, Defendant, Roc Nation LLC, prays the Court grant its Special Appearance and dismiss all claims against it. Subject to its Special Appearance, Roc Nation prays the Court denies Plaintiff's Original Petition and enters judgment in favor of Roc Nation, and grant Roc Nation such other and further relief as the Court deems just and proper.

#515610032_v4

Dated: January 27, 2025

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ L. Bradley Hancock*
L. Bradley Hancock
Texas Bar No. 00798238
brad.hancock@hklaw.com
Megan Schmid
Texas Bar No. 24074383
megan.schmid@hklaw.com
Maria Gil
Texas Bar No. 24120848
maria.gil@hklaw.com
811 Main Street, Suite 2500
Houston, TX 77002
Phone: (713) 821-7000
Fax: (713) 821-7001

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all known counsel of record via electronic filing on January 27, 2025.

By: */s/ L. Bradley Hancock*
L. Bradley Hancock

#515610032_v4

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Diana Miranda on behalf of L. Bradley Hancock
Bar No. 798238
diana.miranda@hklaw.com
Envelope ID: 96626517
Filing Code Description: No Fee Documents
Filing Description: Defendant Roc Nation, LLC's Special Appearance and
Subject Thereto, Original Answer and General Denial and Affirmative
Defenses
Status as of 1/27/2025 2:15 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jessica Salto | | jsalto@txattorneys.com | 1/27/2025 11:45:51 AM | SENT |
| Christopher Leavitt | | cleavitt@txattorneys.com | 1/27/2025 11:45:51 AM | SENT |
| Robert H.Ford | | rford@bradley.com | 1/27/2025 11:45:51 AM | SENT |
| Angela Davis | | adavis@bradley.com | 1/27/2025 11:45:51 AM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 1/27/2025 11:45:51 AM | SENT |
| Mia Brown | | mtbrown@bradley.com | 1/27/2025 11:45:51 AM | SENT |
| Michael Williams | | mcwilliams@bradley.com | 1/27/2025 11:45:51 AM | SENT |
| Latisha Horn | | lhorn@bradley.com | 1/27/2025 11:45:51 AM | SENT |
| Lauren Black | | lblack@bradley.com | 1/27/2025 11:45:51 AM | SENT |
| Mary GraceWhitten | | mwhitten@bradley.com | 1/27/2025 11:45:51 AM | SENT |
| Buzbee Law Firm | | efiling@txattorneys.com | 1/27/2025 11:45:51 AM | SENT |
| Cheryl Bayley | | Cbayley@txattorneys.com | 1/27/2025 11:45:51 AM | SENT |
| Mike Scarcella | | mike.scarcella@tr.com | 1/27/2025 11:45:51 AM | SENT |
| David C.Fortney | | dfortney@txattorneys.com | 1/27/2025 11:45:51 AM | SENT |
| Maria Gonzalez | | mgonzalez@txattorneys.com | 1/27/2025 11:45:51 AM | SENT |
| Lawrence  BradHancock | | brad.hancock@hklaw.com | 1/27/2025 11:45:51 AM | SENT |
| Megan Schmid | | Megan.Schmid@hklaw.com | 1/27/2025 11:45:51 AM | SENT |
| Maria Gil | | Maria.Gil@hklaw.com | 1/27/2025 11:45:51 AM | SENT |
| Diana Miranda | | diana.miranda@hklaw.com | 1/27/2025 11:45:51 AM | SENT |
| Angela Smith | | angela.smith2@hklaw.com | 1/27/2025 11:45:51 AM | SENT |
| Joyce Schmutzer | | joyce.schmutzer@hklaw.com | 1/27/2025 11:45:51 AM | SENT |

# EXHIBIT A

CAUSE NO. 2024-87692

| | | |
|---|---|---|
| **GERARDO GARCIA** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **MARCY BRYAN CROFT, ROC** | § | |
| **NATION LLC, MJ LEGAL, P.A.,** | § | |
| **JESSICA SANTIAGO, QUINN** | § | |
| **EMANUEL URQUHART & SULLIVAN,** | § | |
| **LLP** | § | |
| | § | |
| **Defendant.** | § | **127TH JUDICIAL DISTRICT** |
| | § | |

## DECLARATION IN SUPPORT OF DEFENDANT
## ROC NATION LLC'S SPECIAL APPEARANCE

1.      My name is  Candice Davis. I am the Office Manager of Roc Nation, LLC. ("Roc Nation"). I have held this position at Roc Nation since January 2021. I am more than 21 years of age, am of sound mind, and am otherwise competent to make this declaration. I have never been convicted of a felony or other crime involving moral turpitude. I have personal knowledge of the facts stated in this declaration, and all statements contained herein are true and correct. I submit this declaration in support of Roc Nation's Special Appearance and General Denial.

2.      I have read the Special Appearance, and all the facts asserted therein are true and correct to the best of my knowledge.

3.      Roc Nation is a record label, talent agency, and media production firm headquartered in New York City, New York.

4. Roc Nation is a limited liability company organized in Delaware with its principal place of business in New York City, New York. Roc Nation is not registered to do business in the State of Texas.

5. Roc Nation does not operate in Texas and has never had any physical locations or offices in Texas.

6. Roc Nation has never had a mailing address or telephone number in Texas.

7. Roc Nation has never maintained a savings and loan association or bank account in Texas.

8. Roc Nation has never owned, leased, rented, or controlled any real or personal property in Texas.

9. Roc Nation is not "at home" in the State of Texas. Any affiliations Roc Nation may have with the State of Texas are isolated, intermittent, and insubstantial (i.e., not continuous and not systematic).

10. Roc Nation does not have any knowledge regarding who the Plaintiff, Gerardo Garcia, is other than the fact that Mr. Garcia sued Roc Nation.

11. Roc Nation has never contacted Mr. Garcia.

12. Roc Nation never directed anyone else to contact Mr. Garcia.

My date of birth is March 16, 1979 and my business address is 540 West 26th Street, New York, New York 10001. I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York County, State of New York, on the 27th day of January, 2025.

*Candice Davis*

9BABA5BF15A2498...

Candice Davis

2